# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Samuel DeOrio, ) | Civil Action No. 0:20-cv-4129-RMG |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Defendant. ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge recommending the Court grant Defendants' motion for summary judgment. (Dkt. No. 43). For the reasons stated below, the Court adopts the R & R as the Order of the Court.

## I.  Background

Plaintiff alleges that on January 16, 2019, while housed at Federal Correctional Institution Edgefield, employees of the Bureau of Prisons ("BOP") transferred him to a cell with two other inmates, and illegally converted it into a three-man cell. (Dkt. No. 1 at 6). Plaintiff alleges BOP staff illegally installed a ladder on the top bunk bed. In addition, Plaintiff alleges that on August 30, 2019 he tripped over the ladder and suffered injuries. (*Id.*). Plaintiff seeks monetary damages. The Magistrate Judge construed Plaintiff's Complaint as alleging only negligence pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, 1346(b). (Dkt. No. 21 at 1). There was no challenge to the Court's construction of the claims. On August 12, 2021, the Magistrate Judge issued an R & R recommending the Court grant Defendant's motion to dismiss for lack of subject matter jurisdiction. (Dkt. No. 43). Plaintiff has not filed objections to the R & R. The matter is ripe for the Court's adjudication.

1

## II.     Legal Standard

### A.     Motion to Dismiss

A motion to dismiss for lack of subject-matter jurisdiction filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the jurisdiction of a court to adjudicate the matter before it.  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).  A challenge to subject-matter jurisdiction may contend either (1) that the complaint fails to allege facts sufficient to establish subject matter jurisdiction or (2) "that the jurisdictional allegations of the complaint [are] not true." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).  Where the sufficiency of the jurisdictional allegations in the complaint is challenged facially, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (2009).  If, however the defendant contends "that the jurisdictional allegations of the complaint [are] not true," the plaintiff bears the burden to prove facts establishing jurisdiction and the district court may "decide disputed issues of fact."  *Id.*  In that case, because the plaintiff's allegations are not presumed true, "the court should resolve the relevant factual disputes only after appropriate discovery." *24th Senatorial Dist. Republican Comm. v. Alcorn*, 820 F.3d 624, 629 (4th Cir. 2016).

To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider undisputed facts and any jurisdictional facts that it determines.  The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

**B.     Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270 – 71 (1976). This Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(l). In the absence of any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Defendants did not file objections to the R & R, and it is reviewed for clear error.

**III.    Discussion**

Defendants move to dismiss Plaintiff's claims on the basis the claims fall under the discretionary function exception of the FTCA and the Court lacks subject matter jurisdiction. The FTCA waives sovereign immunity for most torts committed by government employees, within the scope of his or her employment and subject to several statutory exceptions. 28 U.S.C. § 1346(b)(1). The statute permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred. 28 U.S.C. 1346(b); *Harris v. United States*, 718 F.3d 654, 656 (4th Cir. 1983).

The most important exception to the waiver of sovereign immunity is the discretionary function exception. *McMellon v. United States*, 387 F.3d 329, 335 (4th Cir. 2004). Under this exception, the United States is not liable for "[a]ny claim . . . based upon the existence or performance or the failure to exercise or perform a discretionary function or duty on the part of

3

the federal agency or an employee of the Government." 28 U.S.C. § 2680(a). The discretionary function exception preserves sovereign immunity even if the Government was negligent. *Blakey v. U.S.S. Iowa*, 991 F.2d 148, 152 (4th Cir. 1993), and even if the government employee abused his or her discretion. 28 U.S.C. §2680 (a). If the discretionary function applies, then the claim is outside the limited waiver of immunity created by the FTCA and the district court is without subject matter jurisdiction to adjudicate it. *Medina v. Untied States*, 259 F.3d 220, 223-24 (4th Cir. 2001). The Plaintiff has the burden of showing the FTCA waiver of immunity applies and that the statutory exceptions do not apply. *Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005). The FTCA's limited waiver of sovereign immunity and its exceptions must be strictly construed in favor of the sovereign. *Id.* at 650-651; *Lane v. Pena*, 518 U.S. 187, 192 (1996).

There is a two-part test to determine whether the discretionary function exception applies. *Berkovitz v. United States*, 486 U.S. 531, 536-37 (1988); *United States v. Gaubert*, 499 U.S. 315, 322 (1991). First, the negligent act or failure to act must not have been subject to statute, regulation, or policy that prescribed a specific course of action for the government employee to follow. *Gaubert*, 499 U.S. at 322; *Berkovitz*, 486 U.S. at 536. Second, if the employee had discretion because no statute, regulation, or policy required a particular action, then the employee's conduct must be susceptible to an analysis involving social, economic, or political policy considerations. *Gaubert*, 499 U.S. at 322-23. The employee need not have conducted a policy analysis in connection with the challenged action or inaction for the exception to apply. *Gauber*t, 499 U.S. at 325. The court must analyze the conduct at issue objectively, with an inquiry as to whether the employee's decision is one where the court would expect inherent considerations of policy, rather than a subjective fact-based focus on the circumstances surrounding the employees' exercise of a particular discretionary function. *Baum v. United States*, 986 F.2d 716, 720-21 (4th

Cir. 1993). When the employee is acting pursuant to a discretionary statute, regulation, or guideline, there is a strong presumption that the employee's conduct is grounded in the policies underlying that provision. *Gaubert*, 499 U.S. at 324; *Bernaldes v. United States*, 81 F.3d 428, 429 (4th Cir. 1996).

First, Plaintiff alleges BOP officials were negligent when they transferred him to a cell with two other inmates, as the cell should have held only two inmates. (Dkt. No. 1 at 6). With regard to this allegation, the Magistrate Judge correctly determined the first prong of the discretionary function exception has been met. The BOP is required by statute to "provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States." 18 U.S.C. § 4202(a)(2). Further, the BOP is responsible for determining the "place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). Under 18 U.S.C. § 4042's broad directives, "the BOP retains discretion regarding the implementation of those mandates." *Rich v. United States*, 811 F.3d 140, 145 (4th Cir. 2015). As the statute does not mandate or prescribe specific conduct, the BOP's decision on where and how to house Plaintiff is a discretionary function. *Gaubert*, 499 U.S. at 322; *Berkovitz*, 486 U.S. at 536.

The Magistrate Judge correctly determined that the second prong of the discretionary function exception has been met. "[P]risoner placement . . . [is] part and parcel of the inherently policy laden endeavor of maintaining order and preserving security within our nation's prisons." *Rich*, 811 F.3d at 145. "Because these decisions [regarding where to place inmates] invoke several policy considerations for prison administrators, they are precisely the kind of determination that the discretionary function exception is intended to protect." *Id.* at 146. Thus, Plaintiff's claims as to his cell placement are barred by the discretionary function exception.

Second, Plaintiff alleges BOP staff were negligent for illegally installing a ladder that hung from the top bunk bed, thereby diminishing the living area in his cell. (Dkt. No. 1 at 6). The Magistrate Judge correctly determined that case law has held that there are no mandatory duties or regulations regarding the manufacture or maintenance of BOP bunk beds and that placement or non-placement of ladders or railings on bunk beds is a discretionary function. *Bultema v. United States*, 359 F.3d 379 (6th Cir. 2004) (holding that claims regarding BOP's decision to not place ladders or guard rails on top bunks were barred by the discretionary function exception); *Mangum v. United States*, C/A No. 2:16cv77, 2017 WL 2982335, at *4-6 (N.D.W. Va. June 5, 2017.)[1] Thus, Plaintiff's claim as to the installation of the ladder is barred by the discretionary function exception.

### IV.     Conclusion

For the reasons stated above, the Court **ADOPTS** the R & R as the Order of the Court. (Dkt. No. 43). Defendants' motion to dismiss is **GRANTED**. (Dkt. No. 27).

**AND IT IS SO ORDERED**.

                                            s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

August 30, 2021
Charleston, South Carolina

---

[1] *Adopted by* 2017 WL 2981224 (N.D.W. Va. July 12, 2017).